131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAN DIEGO GAS & ELECTRIC COMPANY,
Plaintiff-Counter-Defendant-Appellant,
v.
SUMMIT RESOURCES LIMITED, and Related Counterclaims,
Defendant-Counter-Claimant-Appellee.
 No. 96-56376.
 United States Court of Appeals, Ninth Circuit.
 Oct. 22, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-94-00015-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 San Diego Gas & Electric Company ("SDG & E") appeals the district court's judgment in favor of Summit Resources Limited ("Summit"). SDG & E initially sought a declaratory judgment that Summit was not entitled to terminate its gas purchase agreement with SDG & E. The district court, ruling on one of Summit's counterclaims, granted judgment on the pleadings in favor of Summit, and subsequently converted, sua sponte its judgment on the pleadings to a partial summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's decision that Summit was permitted to terminate its contract with SDG & E. Nevertheless, we conclude that the district court erred in granting summary judgment, and therefore we treat the district court's order as a partial judgment on the pleadings.
 
 
 3
 We review a district court's grant of judgment on the pleadings de novo. Desert Outdoor Adver., Inc. v. City of Moreno Valley, 103 F.3d 814, 821 (9th Cir.1996). We also review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 4
 Because the parties are familiar with the factual context and the relevant contractual provisions, we will not recite them here.
 
 
 5
 As both parties concede, Order 636, a valid federal regulation issued by the Federal Energy Regulatory Commission, reduced the price that Summit was entitled to receive for supplying gas under the purchase agreement between Summit and SDG & E. Accordingly, we conclude that Summit was permitted by Article 6.3 of the contract to terminate the agreement, after providing the appropriate notice. If, as Alberta courts have instructed, the "words used by the parties are ... given their plain and ordinary meaning," Norcen Int'l v. Suncor Inc. [1985] 4 of the contract's terms. We therefore affirm the district court's judgment on the pleadings on Summit's counterclaim requesting a declaration that it was permitted to terminate the agreement due to Order 636's modification of the contract price.
 
 
 6
 SDG & E maintains that the district court erred by excluding both evidence of commercial setting and evidence of the parties' intent. We disagree. The district court correctly ruled that because the contract's provisions were unambiguous, it was not required by Alberta law to consider extrinsic evidence. See Alpine Resources Ltd. v. Bowtex Resources Ltd. [1989] 96 A.R. 278, 279-80 (explaining that commercial setting evidence may be used to help ascertain parties' intent but must not be used to "change the words of the contract"); Home Oil Co. Ltd. v. Page Petroleum Ltd. [1976] 4 W.W.R. 598, 604-05 (Alta.) (holding that evidence of parties' intent is not admissible unless contract is facially ambiguous).
 
 
 7
 The district court did err, however, by sua sponte converting its judgment on the pleadings to a partial summary judgment without notifying SDG & E and affording it the opportunity to discover and present evidence relevance to a Rule 56 motion. See Fed.R.Civ.P. 12(c) (stating that before converting a Rule 12 motion to a summary judgment motion, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"); Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.1981) ("The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context."). Because the district court's entry of summary judgment was inappropriate, we treat its partial summary judgment as a partial judgment on the pleadings. See Mack v. South Bay Beer Distribs., Inc., 793 F.2d 1279, 1282 (9th Cir.1986) (treating district court's grant of summary judgment as dismissal for failure to state a claim under Rule 12); see also Yanez v. United States, 63 F.3d 870, 875 (9th Cir.1995) (affirming partial judgment on the pleadings).
 
 
 8
 We AFFIRM the district court's ruling as a partial judgment on the pleadings on Summit's counterclaim requesting a declaration that Summit was entitled to terminate its gas purchase agreement with SDG & E.
 
 
 
 *
 This disposition is not appropiate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3